.IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| v. | * Criminal No. RDB-21-054 |
| MEDARD ULYSSE, *et al.*, | * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM ORDER

Defendants Medard Ulysse ("Ulysse") and Eghosasere Avboraye-Igbinedion ("Igbinedion") are charged in a seven-count Superseding Indictment with the following offenses: Conspiracy to Commit Mail Fraud in violation of 18 U.S.C. § 1349 (Count One); and Mail Fraud in violation of 18 U.S.C. § 1341 (Counts Two through Seven). (Superseding Indictment, ECF No. 75.) Presently pending before this Court is the Government's Motion for Rule 15 Depositions. (ECF No. 88-1 *SEALED*.) The parties' submissions have been reviewed, and on April 28, 2022, this Court heard the arguments of counsel at a virtual motions hearing. For the reasons stated on the record, and as supplemented below, the Government's motion is GRANTED IN PART and DENIED WITHOUT PREJUDICE IN PART.

### ANALYSIS

I.   **Rule 15 Depositions**

The Government seeks a ruling of this Court permitting three elderly alleged fraud victims to testify at the trial in this case by way of videotaped deposition pursuant to Federal

Rule of Criminal Procedure 15.[1] As noted on the record at the motions hearing, Defendant Ulysse does not oppose the motion. Defendant Igbinedion, however, has opposed the Government's request. Under Rule 15(a) of the Federal Rules of Criminal Procedure, "[a] party may move that a prospective witness be deposed in order to preserve testimony for trial. The court may grant the motion because of exceptional circumstances and in the interest of justice." Fed. R. Crim. P. 15(a). While there is limited Fourth Circuit authority addressing the exceptional circumstances prong of Rule 15, district courts in this Circuit routinely consider the following factors when deciding whether to exercise the discretion to permit testimony by deposition at a criminal trial: (1) whether the witness will be unavailable to testify at trial, (2) whether the witness's testimony will be material, and (3) whether the witness's testimony is necessary to prevent a failure of justice. *See United States v. Jefferson*, 594 F. Supp. 2d 655, 663-65 (E.D. Va. 2009); *see also United States v. Nuss*, No. 2:09-cr-00222, 2010 U.S. Dist. LEXIS 36010, at *8 (S.D. W. Va. Apr. 12, 2010).

As this Court stated on the record, the Government's motion is granted as to Mr. Reid Hansen and Mr. Francis Williams and denied without prejudice as to Mr. Lloyd Harkey. First, Igbinedion does not contest the materiality of the alleged victims' testimony. Second, as other courts have noted, serious health conditions can render a witness unavailable to travel for trial such that preservation of the witness' testimony by deposition is warranted. *See, e.g.*, *United States v. Prokop*, No. 2:09-cr-00022-MMD-GWF, 2014 U.S. Dist. LEXIS

---

[1] It its motion, the Government requested that all six of the alleged victims referenced in the substantive wire fraud counts be permitted to testify by Rule 15 deposition. At the motions hearing, the Government amended its request and is now seeking that this Court permit only three of the alleged victims to testify by deposition. The Government represents that none of the alleged victims will be able to identify either Ulysse or Igbinedion.

37729, at *8 (D. Nev. Mar. 20, 2014). The Government has proffered that Mr. Hansen, who lives in Washington state, is 93 years old. The Government has also submitted a note from Mr. Hansen's medical provider recommending that he not travel for trial due to his medical conditions. (ECF No. 88-2 *SEALED*.) As for Mr. Williams, the Government has proffered that he is 90 years old and suffers from severe knee problems and a rare form of Lyme disease that requires chemotherapy treatment. As to both Mr. Hansen and Mr. Williams, this Court concludes that they are likely unavailable to testify at trial given their advanced ages and serious medical conditions. As to Mr. Harkey, however, the government has proffered that he is an 80-year old resident of Washington state who suffers from edema and ankle sores that require frequent treatment. On the record as it exists now, this Court cannot conclude that Mr. Harkey is unlikely to be able to appear in person at trial. Accordingly, the Government's motion is denied without prejudice as to Mr. Harkey. The Government is free to raise this matter closer to trial if there is a change in Mr. Harkey's circumstances.

      Lastly, this Court concludes that Mr. Hansen's and Mr. William's deposition testimony is necessary to prevent a failure of justice. The alleged victims have relevant testimony to offer, which, absent stipulation, cannot be obtained any way other than by deposition. The Government is entitled to offer the alleged victims' testimony to prove the charges in the Superseding Indictment. At the same time, the Defendants enjoy the Sixth Amendment right to confrontation. Videotaped depositions at which the alleged victims are subject to cross-examination will safeguard that right. Finally, this Court notes that it is not ruling on the admissibility of any particular statement that may come out at any deposition.

The Defendants will have the opportunity to challenge the admissibility of any testimony the Government seeks to admit at trial.

## II. Scheduling in this Case

At the conclusion of the April 28 motions hearing, this Court noted that due to unforeseen circumstances related to the health of certain participants in this case, a postponement of the trial is necessary. The Government, Defendant Ulysse, and Defendant Igbinedion consented to the postponement. Additionally, Defendant Igbinedion has submitted correspondence to this Court requesting that he be allowed time to retain new counsel to replace his Court-appointed counsel. (ECF No. 95 *SEALED*.) That request is granted. However, any counsel Defendant Igbinedion retains must be able to try the case in accordance with the following schedule. This Court has set in an off-the-record scheduling call with counsel for Tuesday, June 7, 2022 at 2:00 pm. The pretrial conference in this matter is set for Monday, October 17, 2022 at 4:00 pm in Courtroom 5D. The two-week jury trial in this case is set to begin Monday, October 24, 2022 at 9:30 am in Courtroom 5D.

## CONCLUSION

For the reasons set forth on the record and as supplemented above, it is HEREBY ORDERED this 28th day of April 2022 that:

1. The Government's Motion for Rule 15 Depositions (ECF No. 88-1 *SEALED*) is GRANTED IN PART and DENIED WITHOUT PREJUDICE IN PART. Specifically, the motion is GRANTED as to Mr. Hansen and Mr. Williams, and DENIED WITHOUT PREJUDICE as to Mr. Harkey;
2. The May 6, 2022 jury selection in this case is VACATED. Instead, this Court will hold an off-the-record scheduling conference with counsel on June 7, 2022 at 2 pm. The pretrial conference in this matter will take place on October 17, 2022 at 4:00 pm

in Courtroom 5D, and the two-week jury trial will begin on October 24, 2022 at 9:30 am in Courtroom 5D;

3. To the extent Defendant Igbinedion wishes to retain new counsel, such counsel must be able to participate in the June 7 status conference and must be available to try this case according to the new schedule.

_____/s/_____
Richard D. Bennett
United States District Judge